JAMES G. WILCOXEN, Justice.

Standard of Review

The Court reviewed by “de novo” the issues (1) of interpretation of constitutional term limits as set forth in Article VII, Sections 1 and 3; and, Article VI, Section 3 of the Cherokee Nation Constitution of 1999; and, (2) of the constitutional validity of Legislative Act 07-07 providing for six (6) year terms for certain tribal council members to implement the staggered terms for all seats on the Council mandated by Article V, Section 3 of the Cherokee Nation Constitution of 1999.

Opinion Procedural History

The Principal Chief of the Cherokee Nation, Chadwick Smith, in his official capacity filed a Petition on November 19, 2008, and Amendment to Petition on January 19, 2009 under Case No. SC-08-05 requesting declaratory relief determining among other things when term limits would be effective under Article VII Section 1 and Section 3 and Article VI Section 3 of the Cherokee Nation Constitution of 1999. The Cherokee Nation Election Commission was named the sole Respondent. The Cherokee Nation Tribal Council filed its Motion to Intervene on December 11, 2008. The Cherokee Nation Election Commission on January 5, 2009, filed a reply to the Cherokee Nation Tribal Council’s Motion to Intervene which in effect supported the Cherokee Nation Tribal Council’s Motion to Intervene, and, further filed its response to the Petition for Declaratory Relief. The Petitioner, Principal Chief, Chadwick Smith, filed his objection to the Tribal Council’s Motion to Intervene on January 16, 2009. The Cherokee Nation Tribal Council filed its Response to Petitioner’s Objection for Intervention on March 4, 2009. This Court on March 10, 2009 entered its Order transferring the proceedings to the Cherokee Nation District Court (Judge Bart Fite) citing Article VIII Section 6 of the Cherokee Nation Constitution of 1999 and Legislative Act 11-07. The District Court received these proceedings under Case No. CV-09-65 and the District Court entered its Order granting the Cherokee Nation Tribal Council’s Motion to Intervene on March 30, 2009. The District Court held a Scheduling Conference on April 9, 2009 and entered its written Order on April 15, 2009 requiring additional briefs as to issues presented by May 1, 2009; any response briefs filed by May 15, 2009; and, that the Court would rule upon the briefs on the issues of term limits and staggered terms. The District Court, after considering all briefs filed by the parties, including the briefs filed for Jodie Fishinghawk and Tina Glory Jordan as amicus curiae, entered its Order on May 20, 2009 finding that Legislative Act 07-07 providing for certain six (6) year terms for certain tribal counselors is an appropriate deviation so as to enact the plain language of the New Constitution of the Cherokee Nation effective July 26, 2003 and that only elections held under the power of the 1999 Constitution shall count for the purposes of present term limits and the Court adopted the previous opinion of the Attorney General as to that issue. Cherokee Nation Tribal Council Members, Jody Fishinghawk and Tina Glory Jordan filed their Petition in Error in this Court under No. SC-09-02, *296 on June 16, 2009 alleging the District Court erred in its ruling concerning term limits. The Cherokee Nation Tribal Council filed its Motion to Vacate and Reconsider Judgment on June 19, 2009. The Cherokee Nation Election Commission filed its Response to the Cherokee Nation Tribal Council’s Motion to Vacate and Reconsider Judgment on June 26, 2009. The District Court on July 7, 2009 filed its Order denying motion to vacate or reconsider. The Cherokee Nation Tribal Council filed its Petition in Error under No. SC-09-03 on June 26, 2009 setting out the issues of term limits and procedure for staggered terms for council members. This Court entered its order affirming the trial Court’s decision in companion case SC-09-02 concerning the bifurcated issues of denying the Tribal Council Members, Jordan and Fishinghawk’s request to intervene, and, the remanding of redistricting/apportment matter to the Cherokee Nation Election Commission.

Discussion

The Court finds the issues of term limits and procedure for staggering of council seat terms are ripe for review. It is matter of compelling public urgency and should now be decided. The district court followed the Attorney General’s opinion regarding term limits. 2O07-CNAG-3. The Constitutional provision itself is not clear as to the effective date for implementing this provision. While case law of other jurisdictions may be helpful, this Court must look to the intent of the drafters of this new Cherokee Constitution as decisive.
It is clear from a fair reading of the transcripts of the Constitutional Convention of 1999, that it was the intent of the delegates that two (2) additional terms of office would be allowed after the effective date of the new Constitution. 1999 Cherokee Nation Const. Conv. Transcripts, Volumes III and V It was believed that the effective date for the new Constitution, assuming it was ratified, would be the 1999 election. There was also concern that whatever they did in this regard would not have a retroactive affect as prohibited by both the Constitutions of 1975 and that of 1999.
This Court has previously determined that the 1999 Constitution was not effective until July 26, 2003, the date of its ratification. In re: Status and Implementation of 1999 Constitution of Cherokee Nation JAT-05-04 (June 7, 2006). Even though Cherokee officials elected in 2003 were sworn in on August 14, 2003, after the effective date of the 1999 Constitution, they were elected before the 1999 Constitution was ratified. They were in fact not elected pursuant to or under the new Constitution and this Court has previously so held:
The present Cherokee Nation Council members were elected to office under the authority of the 1975 Cherokee Nation Constitution and before the 1999 Constitution was adopted by the people of the Cherokee Nation on July 26, 2003. Id. at 7.
As such, a prospective application dictates that the new term limits provision not apply until the 2007 election for purposes of the Cherokee Constitution of 1999. To hold otherwise would cause an unconstitutional ex post facto application of a term of limitation—in effect a violation of both Constitutions. Any doubt as to the effective date of term limits should be resolved in favor of inclusion rather than exclusion. With this ruling, all those Cherokee officials who were elected in 2007 and choose to run in the 2011 election will be seeking their second consecutive term of office for purposes of being elected under the Cherokee Constitution of 1999.
*297 The district court is affirmed with regard to the issue of term limits. And, Legislative Act 07-07 is within the Constitutional authority granted to the Cherokee Nation Tribal Council to establish staggered terms for Cherokee Nation Tribal Council seats.
IT IS SO ORDERED.